**XUE FENG DONG, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 04–1581–ag.

United States Court of Appeals, Second Circuit.

Feb. 20, 2009.

Xue Feng Dong, pro se.

David A. Capp, United States Attorney; Toi Denise Houston, Assistant United States Attorney, Hammond, IN, for Respondent.

Present JOHN M. WALKER, JR., PIERRE N. LEVAL, and GUIDO CALABRESI, Circuit Judges.

### SUMMARY ORDER

Petitioner Xue Feng Dong, a native and citizen of the People's Republic of China, seeks review of the March 10, 2004 order of the BIA denying his motions to reconsider and reopen. *In re Xue Feng Dong,* No. A76 506 695 (B.I.A. Mar. 10, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case. Because Dong appears *pro se,* we have construed his arguments broadly. *See Weixel v. Board of Educ.,* 287 F.3d 138, 145–46 (2d Cir.2002).

Normally, we review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). Here, however, we find that Dong has waived any challenge to the BIA's denial of his motions.

In his brief, Dong expresses his disagreement with the IJ's January 2002 decision finding him not credible, the BIA's September 2003 order affirming that decision, as well as the BIA's March 2004 denial of his motions to reconsider and reopen. However, our review is limited to the BIA's March 2004 order. *See Paul v. Gonzales,* 444 F.3d 148, 153 (2d Cir.2006)

(reiterating that "a motion to reopen does not provide a collateral route by which the alien may challenge the validity of the original credibility determination"). Yet stating that he "disagree[s] with the [BIA]'s order dated March 10, 2004 to deny [his] motion to reopen," Dong fails in his brief to make any cognizable argument that the BIA abused its discretion by issuing such order. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 8 (2d Cir.2005). Accordingly, Dong has waived any challenge to the BIA's denial of his motions.

■ To the extent Dong argues that he received ineffective assistance from his previous attorney, we decline to consider that argument where he failed to raise it before the agency. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107, 119–20 (2d Cir.2007)(describing the issue exhaustion requirement as "mandatory").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).